MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAVIER CANO, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| ALICE DRY CLEANERS CORP.  (D/B/A ALICE DRY CLEANERS), YNGWEN KANG, and DONG HYUN PARK AKA RAFAEL, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Javier Cano ("Plaintiff Cano" or "Mr. Cano"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Alice Dry Cleaners Corp. (d/b/a Alice Dry Cleaners), ("Defendant Corporation"), Yngwen Kang and Dong Hyun Park aka Rafael, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cano is a former employee of Defendants Alice Dry Cleaners Corp. (d/b/a Alice Dry Cleaners), Yngwen Kang, and Dong Hyun Park aka Rafael.

2.       Defendants own, operate, or control a dry cleaner, located at 74 2nd Ave #1, NY, NY 10003 under the name "Alice Dry Cleaners".

3.      Upon information and belief, individual Defendants Yngwen Kang and Dong Hyun Park aka Rafael, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Cano was employed as an ironer at the laundry service located at 74 2nd Ave #1, NY, NY 10003.

5.      At all times relevant to this Complaint, Plaintiff Cano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Cano wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Cano to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cano and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Cano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Cano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cano's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a dry cleaners located in this district.

14.     Further, Plaintiff Cano was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Javier Cano ("Plaintiff Cano" or "Mr. Cano") is an adult individual residing in Westchester County, New York.

16.     Plaintiff Cano was employed by Defendants at Alice Dry Cleaners from approximately May 2019 until on or about April 20, 2021.

17.     Plaintiff Cano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a dry cleaner, located at 74 2nd Ave #1, NY, NY 10003 under the name "Alice Dry Cleaners".

19.     Upon information and belief, Alice Dry Cleaners Corp. (d/b/a Alice Dry Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 2nd Ave #1, NY, NY 10003.

20.     Defendant Yngwen Kang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yngwen Kang is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yngwen Kang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Dong Hyun Park aka Rafael is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dong Hyun Park aka Rafael is sued individually in his capacity as a manager of Defendant Corporation. Defendant Dong Hyun Park aka Rafael possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a dry cleaners located in the NoHo section of Manhattan.

23.    Individual Defendants, Yngwen Kang and Dong Hyun Park aka Rafael, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Cano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cano, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Cano (and all similarly situated employees) and are Plaintiff Cano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Cano and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendant Yngwen Kang operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of her own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Cano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cano's services.

30. In each year from 2019 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Cano is a former employee of Defendants who was employed as an ironer.

33.    Plaintiff Cano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Cano*

34.    Plaintiff Cano was employed by Defendants from approximately May 2019 until on or about April 20, 2021.

35.    Defendants employed Plaintiff Cano as an ironer.

36.    Plaintiff Cano regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

37.    Plaintiff Cano's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Cano regularly worked in excess of 40 hours per week.

39.    From approximately May 2019 until on or about April 20, 2021, Plaintiff Cano worked from approximately 8:00 a.m. until on or about 4:30 p.m., 6 days a week (typically 51 hours per week).

40.    During 2019, Defendants paid Plaintiff Cano his wages in cash.

41.    From approximately January 2020 until on or about April 20, 2021, Defendants paid Plaintiff Cano his wages by check.

42.    From approximately May 2019 until on or about April 20, 2021, Defendants paid Plaintiff Cano a fixed salary of $700 per week.

43.    Plaintiff Cano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Cano to continue working 1 hour past his scheduled departure time every other month, and did not pay him for the additional time he worked.

45.     Aside for a period of approximately 3 months in 2019, Plaintiff Cano was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     Instead, Defendants would delay Plaintiff Cano's compensation for a few weeks, and when they paid him the delayed wages, they required him to sign a document in which Defendants misrepresented the hours that he worked per week.

47.     specifically, the document stated that he only worked 40 hours a week and he got 6 hours of breaks each week, so he only worked 34 compensable hours. Each week and received $700 for working those hours.

48.     On a number of occasions, Defendants required Plaintiff Cano to sign a document, the contents of which he was not allowed to review in detail.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cano regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Cano an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Cano, in English and in Spanish (Plaintiff Cano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Cano to purchase "tools of the trade" with his own funds—including masks.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

54.     Plaintiff Cano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants' pay practices resulted in Plaintiff Cano not receiving payment for all his hours worked, and resulted in Plaintiff Cano's effective rate of pay falling below the required minimum wage rate.

56.     Defendants habitually required Plaintiff Cano to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Cano worked.

58.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59.     On a number of occasions, Defendants required Plaintiff Cano to sign a document the contents of which he was not allowed to review in detail.

60.     Defendants required Plaintiff Cano to sign a document that reflected inaccurate or false hours worked.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cano (and similarly situated individuals) worked, and to avoid paying Plaintiff Cano properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cano and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff Cano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Cano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.      Plaintiff Cano brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.      At all relevant times, Plaintiff Cano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69.      The claims of Plaintiff Cano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.      Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

71.      At all times relevant to this action, Defendants were Plaintiff Cano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cano (and the FLSA Class Members), controlled the terms and conditions

of their employment, and determined the rate and method of any compensation in exchange for their

employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 203 (r-s).

74.     Defendants failed to pay Plaintiff Cano (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.     Defendants' failure to pay Plaintiff Cano (and the FLSA Class members) at the

applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Cano (and the FLSA Class members) were damaged in an amount to be

determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth

herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cano (and

the FLSA Class members) overtime compensation at a rate of one and one-half times the regular

rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Cano (and the FLSA Class members), overtime

compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Cano (and the FLSA Class members) were damaged in an amount to be

determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.      Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

82.      At all times relevant to this action, Defendants were Plaintiff Cano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cano less than the minimum wage.

84.      Defendants' failure to pay Plaintiff Cano the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.      Plaintiff Cano was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86.      Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cano overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.     Defendants' failure to pay Plaintiff Cano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Cano was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

90.     Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to provide Plaintiff Cano with a written notice, in English and in Spanish (Plaintiff Cano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.     Defendants are liable to Plaintiff Cano in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

93.     Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

94.     With each payment of wages, Defendants failed to provide Plaintiff Cano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.     Defendants are liable to Plaintiff Cano in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

96.      Plaintiff Cano repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants required Plaintiff Cano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

98.     Plaintiff Cano was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

99.      Plaintiff Cano repeats and realleges all paragraphs above as though set forth fully herein.

100.    Defendants did not pay Plaintiff Cano on a regular weekly basis, in violation of NYLL §191.

101.    Defendants are liable to Plaintiff Cano in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cano respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cano and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cano and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cano and the FLSA Class members;

(f)    Awarding Plaintiff Cano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Cano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cano;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cano;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cano;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cano's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Cano;

(m)     Awarding Plaintiff Cano damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Cano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Cano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Cano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Cano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Cano demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 29, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                             Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

April 19, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Javier Cano

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        19 de April del 2021

*Certified as a minority-owned business in the State of New York*